J-S18036-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM CHANDLER BYERS AUGUSTA | : | |
| | : | |
| Appellant | : | No. 1292 MDA 2025 |

Appeal from the PCRA Order Entered August 28, 2025
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002014-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM CHANDLER BYERS AUGUSTA | : | |
| | : | |
| Appellant | : | No. 1293 MDA 2025 |

Appeal from the PCRA Order Entered August 28, 2025
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002934-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM CHANDLER BYERS AUGUSTA | : | |
| | : | |
| Appellant | : | No. 1294 MDA 2025 |

Appeal from the PCRA Order Entered August 28, 2025
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000068-2016

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

J-S18036-26

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: JULY 24, 2026**

In these consolidated *pro se* appeals,[1] William Chandler Byers Augusta (Appellant) appeals from the denial of his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  He argues that the court's denial of his untimely PCRA petition was in error.  We affirm.

On October 18, 2016, Appellant pled guilty in the Court of Common Pleas to a multitude of sexual offenses, including numerous counts of rape of a child, criminal conspiracy, aggravated indecent assault of a child, incest, and child pornography.[2]  There was no agreement as to sentencing.  On February 28, 2017, the trial court sentenced Appellant to an aggregate term of 45 to 90 years of incarceration, followed by 30 years of probation.  The trial court concluded that Appellant was a sexually violent predator (SVP) and ordered that he register as a sex offender under SORNA[3] for his lifetime.

Appellant filed a timely post-sentence motion to modify his sentence, which was denied on April 7, 2017.  Appellant then filed an appeal to this Court, challenging his designation as an SVP.  Because the test for determining an offender's SVP designation was found to be unconstitutional, Appellant's

_____

[1] This Court *sua sponte* consolidated Appellant's appeals by order dated 10/14/25.

[2] 18 Pa.C.S. §§ 3121(c), 903, 3125(b), 4302(b)(1), and 6312(d), respectively.  Multiple similar charges were dismissed in connection with the entry of the guilty plea.

[3] Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41.

SVP designation was vacated by this Court. ***Commonwealth v. Byers Augusta***, 749 MDA 2017, 2018 WL 1979736 (Pa. Super. filed April 27, 2018) (unpublished memorandum). Appellant's judgment of sentence was otherwise affirmed.[4] Appellant did not seek further review.

Appellant filed a *pro se* PCRA petition on March 24, 2025. The day after its receipt, the trial court appointed Kristen L. Weisenberger, Esquire, to represent Appellant. On May 21, 2025, Attorney Weisenberger filed a ***Turner/Finley***[5] motion to withdraw her appearance and a "no-merit letter" maintaining that Appellant's petition was untimely filed. The trial court granted Attorney Weisenberger's request to withdraw on May 23, 2025. After receiving Appellant's response to the no-merit letter, the court dismissed his PCRA petition on August 27, 2025. Appellant filed a timely notice of appeal

---

[4] For completeness of the record, we note that Appellant was also charged in federal court as an active participant in an interstate ring that produced and distributed child pornography. On October 31, 2017, Appellant entered a guilty plea to various counts of production of child pornography in violation of 18 U.S.C. § 2251(a), conspiracy to do same, 18 U.S.C. § 2251(e), selling children, 18 U.S.C. § 2251A(a), conspiracy to receive/distribute child pornography, 18 U.S.C. § 2252(a)(2), and conspiracy to publish a notice or advertisement seeking child pornography, 18 U.S.C. § 2251(d). Thereafter, the district court sentenced Appellant to 60 years of imprisonment. Appellant's judgment of sentence was affirmed by the Third Circuit on November 14, 2018. ***See generally Augusta v. United States***, No. 1:16-cr-00082, 2025 WL 1943793 (M.D. Pa. July 15, 2025) (providing history of federal case).

[5] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1998) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

from the denial of his PCRA petition on September 18, 2025. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

"When reviewing the denial of a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error." **Commonwealth v. Kapellusch**, 323 A.3d 837, 844 (Pa. Super. 2024) (citation omitted). We apply a *de novo* standard of review to pure questions of law. **Id.**

Preliminarily, we note that Appellant is proceeding *pro se* in this appeal. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted).

In the present case, Appellant's brief to this Court contains 57 pages of single-spaced argument raising a multitude of claims related to his dissatisfaction with his convictions, his attorneys, and his long sentence. Appellant argues, *inter alia*, that the PCRA framework is unconstitutional, that the court erred in permitting PCRA counsel to withdraw, all prior counsel provided ineffective assistance, his complete file was not turned over by counsel, the court erred in imposing a sentence without considering his "youthfulness" and by failing to address the claim that he had been under duress at the time of the instant offenses, the court should not have joined his cases for trial, his sentence violates double jeopardy, his sentence is illegal, the court never addressed his claims of prosecutorial misconduct or that the

Commonwealth's failure to turn over certain logs amounted to a **Brady**[6] violation, the Commonwealth committed a fraud upon the court, and that the court erred in failing to hold an evidentiary hearing on his PCRA claims. **See** Appellant's Brief at 6-56.

Before considering the merits of his claims on appeal, however, we must first determine whether Appellant's petition was timely filed, as Pennsylvania "courts are prohibited from considering an untimely PCRA petition." **Commonwealth v. Laird**, 331 A.3d 579, 594 (Pa. 2025) (citation omitted). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." **Commonwealth v. Jones**, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). Appellate courts have no authority to apply equitable principles as a way to expand or bypass these statutorily defined limitations to PCRA review. **Laird, supra.**

A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. **See id.** at 17. Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions: (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

---

[6] **Brady v. Maryland**, 373 U.S. 83 (1963).

claim; (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively. 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). If a PCRA petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the petitioner's underlying claims. ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016).

Here, this Court affirmed his judgment of sentence on April 27, 2018. Our Rules of Procedure afforded Appellant 30 days to file a further appeal in the Pennsylvania Supreme Court, but Appellant did not do so. Thus, his judgment of sentence became final upon the expiration of the time that he could have sought timely review, or by May 27, 2018. *See* Pa.R.A.P. 1113(a) (providing 30 days to timely file for review with the Pennsylvania Supreme Court); 42 Pa.C.S. § 9545(b)(3). Appellant therefore had one year from that date to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Appellant's PCRA petition, filed March 24, 2025, is thus patently untimely.

Appellant inartfully suggests that his petition may be deemed timely due to governmental interference. *See* Appellant's Brief at 6-7. This exception permits an untimely petition to be addressed by the courts if the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim. 42 Pa.C.S. § 9545(b)(1)(i). To establish a successful claim of governmental interference, a petitioner must plead and prove (1) the failure to raise the claim previously was the result of interference by government officials and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008). In other words, a petitioner is required to show that, because of the interference of a government actor, "he could not have filed his claim earlier." ***Commonwealth v. Vinson***, 249 A.3d 1197, 1205 (Pa. Super. 2021). It is essential that, for this exception to apply, the petitioner must establish a "violation of his rights under constitutional or state law." ***Commonwealth v. Reeves,*** 296 A.3d 1228, 1231 (Pa. Super. 2023), *citing* ***Commonwealth v. Rizvi***, 166 A.3d 344, 348 (Pa. Super. 2017).

Here, the basis that Appellant proffers for his claim of governmental interference is his assertion that when the General Assembly amended the PCRA statute in 1995, it violated his rights under the Pennsylvania and United States constitutions. Appellant argues that the amendment, which imposed time limitations on the review of PCRA petitions, interferes with his ability to seek redress from the courts, which is a constitutional violation.

However, this argument does not implicate Section 9545(b)(1)(i). Appellant does not allege that any government actor concealed facts from him, obstructed his access to the court, or otherwise prevented him from presenting a claim. Instead, he advances a constitutional attack on the validity of the PCRA statute itself. The mere enactment of legislation that Appellant believes to be unconstitutional does not constitute "interference by government officials with the presentation" of Appellant's claim under the PCRA.

In any event, Appellant's argument is meritless. Our Supreme Court has rejected constitutional challenges to the 1995 amendments, holding that the PCRA filing restrictions do not violate the *ex post facto* clauses because they are procedural in nature. **Commonwealth v. Peterkin**, 722 A.2d 638, 642-43 (Pa. 1998). To the extent Appellant also relies on the dissent in **Commonwealth v. Reid**, 235 A.3d 1124, 1168-69 (Pa. 2020), as support for his governmental interference analysis, that reliance is misplaced, as a dissenting opinion is not controlling authority. **See Commonwealth v. Davis**, 17 A.3d 390, 398 (Pa. super. 2011) (stating the general rule that a dissenting opinion is not binding precedent). Moreover, the **Reid** case did not hold that the 1995 PCRA amendments were unconstitutional or that their enactment constituted governmental interference under Section 9545(b)(1)(i).

As an alternate rationale for a timeliness exception, Appellant maintains that the recent case of **Pulsifer v. United States**, 601 U.S. 124 (2024) made

clear to him that his constitutional rights were violated when he did not testify at his sentencing hearing, and this was the court's recognition of a constitutional right which should make his PCRA petition timely. According to Appellant, **Pulsifer** explained to him the meaning of the word "AND" – in the context of the requirement that the court "must hear from the accused and his counsel." Appellant's brief at 7. Appellant confusingly claims:

> Counsel specifically told the Petitioner that Petitioner was to only speak at counsel's direction and that the Petitioner had no right to be heard, which prevented Petitioner from bringing facts to light for the Court to consider, and if the Petitioner does not get heard at this juncture due to the Court's interpretation of what **Pulsifer** was meant to clarify, then the Petitioner will continue not to be heard which further violates the Rights of the Petitioner.

*Id.* (verbatim).

Appellant's reliance on **Pulsifer** is misplaced. The **Pulsifer** case dealt with mandatory minimum sentences imposed on some drug defendants in federal court. Pulsifer faced a 15-year sentence and sought to take advantage of the "safety-valve" provision in federal sentencing law, which allows a sentencing court to disregard a mandatory minimum sentencing provision if a defendant meets specified criteria. 601 U.S. at 127. More specifically, the Court was tasked with deciding whether "and" in the phrase "the defendant does not have A, B, and C" should be interpreted as requiring that a defendant lack all three conditions simultaneously to be eligible for relief, or if lacking any one of the conditions would permit eligibility. *Id.* The Court ultimately agreed with the Government's interpretation that "and," in this context, connected three distinct conditions, each of which must be satisfied

- 9 -

independently for a defendant to be eligible for safety-valve relief. *Id.* at 153. This means that a defendant is ineligible for relief if he has any one of the three conditions. *Id.*

In parsing Appellant's brief, Appellant seemingly argues that, during his sentencing hearing, he was unaware of his right of allocution, despite record evidence to the contrary. Further, Appellant asserts that if he had known that the court was required to consider both his statements as well as the arguments of counsel prior to imposing sentence, he would have acted differently. Regardless of Appellant's asserted misunderstanding of his right to address the court, however, *Pulsifer* did not recognize a new constitutional right at all, let alone provide that the newly-recognized right would apply retroactively to his case. Thus, he has not proven this exception to the timeliness requirement.

In sum, we conclude that Appellant's PCRA petition was patently untimely and Appellant did not plead and prove any exception to the PCRA time-bar. Accordingly, the PCRA court lacked jurisdiction to consider the merits of Appellant's claims. *Commonwealth v. Giles*, ___A.3d___, 2026 WL 1141807, at *5 (Pa. Super. 2026). "Because it was Appellant's burden to plead and prove an exception to the PCRA time-bar, we may affirm the PCRA court's denial of PCRA relief on that basis." *Id.* (citing *Commonwealth v. Truong*, 36 A.3d 592, 593 n.2 (Pa. Super. 2012)(*en banc*)).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/24/2026